Filed 10/21/22 Silva v. Dolgen California CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MARBELLA SILVA et al., | |
| Plaintiffs and Respondents, | E078185 |
| v. | (Super.Ct.No. CVRI2102601) |
| DOLGEN CALIFORNIA, LLC, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Sunshine S. Sykes, Judge. Reversed in part, affirmed in part.

McGuireWoods and Sabrina A. Beldner for Defendant and Appellant.

Righetti Glugoski, Matthew Righetti and Michael Righetti for Plaintiffs and Respondents.

Plaintiffs and respondents Marbella Silva and Daniel Stokely brought this action against their employer Dolgen California, LLC (Dollar General) alleging individual and representative claims for civil penalties for Labor Code violations under the Private

1

Attorneys General Act of 2004 (Lab. Code,[1] § 2698 et seq.; PAGA). Because plaintiffs had signed arbitration agreements, Dollar General moved to compel bilateral, individual arbitration of their claims. The trial court denied the motion on the grounds California policy does not enforce predispute contractual waivers of representative PAGA actions, and the Federal Arbitration Act (9 U.S.C. § 1 et seq.; FAA) does not preempt this rule. (*Iskanian v. CLS Transportation Los Angeles*, *LLC* (2014) 59 Cal.4th 348, 382-384 (*Iskanian*), overruled as stated in *Viking River Cruises*, *Inc. v. Moriana* (2022) 596 U.S. ___, ___ [142 S.Ct. 1906, 1916] (*Viking River*).) Dollar General appeals. It contends the U.S. Supreme Court's recent decision in *Viking River* requires reversal and remand with instructions to send plaintiffs' individual PAGA (Labor Code) claims to arbitration, but dismiss their non-individual PAGA claim.

We will hold that the trial court erred in denying Dollar General's motion to arbitrate plaintiffs' individual Labor Code claims; however, it correctly denied arbitration of their representative PAGA claim because plaintiffs were acting in different capacities and asserting different rights. Accordingly, we will reverse in part and affirm in part.

## I. PROCEDURAL BACKGROUND AND FACTS

From October 2019 through (at least) the date this action was filed, Silva worked for Dollar General as a nonexempt lead sales associate in the Blythe store. From May 2018 through (at least) the date this action was filed, Stokely worked for Dollar General as a nonexempt lead sales associate in the Blythe store. Prior to beginning their employment

---

[1] All further statutory references are to the Labor Code unless otherwise specified.

with Dollar General, they signed an arbitration agreement, which is governed by the FAA. In relevant part, the agreement provides that it is mutually binding, "subject to opt out rights described at the end of this Agreement.[2] [¶] You agree that, with the exception of certain excluded claims described below, any legal claims or disputes that you may have against Dollar General, its parent and subsidiary corporations, employees, officers and directors arising out of your employment with Dollar General or termination of employment with Dollar General ('Covered Claim' or 'Covered Claims') will be addressed in the manner described in this Agreement.[3] You also understand that any Covered Claims that Dollar General may have against you related to your employment will be addressed in the manner described in this Agreement." (Boldface omitted.) Neither plaintiff opted out of the agreement within 30 days.

---

**2** "Opt out: You have the opportunity to opt out of this Agreement, meaning that you will not be bound by its terms. If you opt out, Dollar General will not be bound by the terms of this Agreement either. To opt out, you must expressly notify Dollar General of your intention to opt out by filling out and submitting electronically the 'Arbitration Opt Out Form' linked on DGme, Dollar General's employee self-service portal, within 30 days of the start of your employment with Dollar General. You will be given instructions on how to access DGme at the beginning of your employment, and access instructions are also linked below. If you do not expressly opt out of this Agreement by providing notice to Dollar General as described above within 30 days of starting your employment, you will be bound by the terms of this Agreement if you continue to work for Dollar General after the first 30 days of your employment. Dollar General will not retaliate against you if you choose to opt out of this Agreement." (Boldface omitted.)

**3** "Covered Claims do not include claims for unemployment insurance benefits, workers' compensation benefits [workers' compensation discrimination and retaliation claims are Covered Claims], whistleblower claims under the Sarbanes-Oxley Act, and claims for benefits under the Employee Retirement Income Security Act. Covered Claims also do not include claims pending in court as of the date this Agreement is signed by you, and claims concerning the scope or enforceability of this Agreement."

On March 4, 2021, plaintiffs' counsel provided written notice to the California Labor and Workforce Development Agency (LWDA) that their employer, Dollar General, allegedly failed to furnish accurate itemized statements in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. On May 26, 2021, plaintiffs initiated this action as a "complaint for civil penalties" pursuant to PAGA. Plaintiffs' allegations include violations of Labor Code section 226 et seq., and they seek penalties, attorney fees, and costs pursuant to the Labor Code and PAGA.

On August 11, 2021, Dollar General moved to compel bilateral, individual arbitration of plaintiffs' claims. On November 3, 2021, the trial court denied the motion, and Dollar General appeals.

## II. DISCUSSION

*A. Introduction.*

Because the evidence is not in conflict, we review the order denying a petition to compel arbitration de novo. (*Banc of California*, *National Assn. v. Superior Court* (2021) 69 Cal.App.5th 357, 367.) Dollar General contends that *Viking River* requires reversal and remand with instructions to send plaintiffs' individual PAGA claims to arbitration, and dismiss their nonindividual PAGA claims.

In response, plaintiffs question *Viking River*'s conclusion that nonindividual PAGA claims must be dismissed; they rely on Justice Sotomayor's concurrence, which queries whether a plaintiff "lacks 'statutory standing' under PAGA to litigate . . . 'non-individual' claims separately in state court" and points out that "California courts, in an appropriate case, will have the last word." (*Viking River*, *supra*, 596 U.S. ___, ___ [142 S.Ct. at p. 1925, (conc. opn. Sotomayer, J.).) Plaintiffs further note that our state Supreme Court recently granted review in *Adolph v. Uber Technologies*, *Inc.* (Apr. 11, 2022, G059860) [nonpub. opn.] [2022 Cal.App.Unpub. Lexis 2170], review granted (July 20, 2022, S274671), to consider the following issue: "Whether an aggrieved employee who has been compelled to arbitrate claims under [PAGA] that are 'premised on Labor Code violations actually sustained by' the aggrieved employee (*Viking River* . . . ; see Lab. Code, §§ 2698, 2699, subd. (a)) maintains statutory standing to pursue 'PAGA claims arising out of events involving other employees' (*Viking River* . . .) in court or in any other forum the parties agree is suitable." (*Adolph v. Uber Technologies*, *Inc.* (2022) (Aug. 1, 2022, S274671) [2022 Cal. Lexis 5021].) Plaintiffs "suggest" that we wait for guidance from the California

5

Supreme Court in *Adolph v. Uber Technologies, Inc., supra,* S274671 [2022 Cal.App.Unpub. Lexis 2170] and allow the parties to submit supplemental briefing following the issuance of that decision or remand the case to the trial court for reconsideration of Dollar General's motion as to the enforceability of the arbitration agreement in light of *Viking River.*

We conclude the trial court erred in denying the motion to arbitrate plaintiffs' individual PAGA (Labor Code) claims but correctly denied arbitration of plaintiffs' representative PAGA claim. We further conclude that the representative PAGA claim is not subject to dismissal. (*Gavriiloglou v. Prime Healthcare Management, Inc.* (Aug. 26, 2022, E076832) ___ Cal.App.5th ___ [2022 Cal.App. Lexis 805, at pp. *4-*15] (*Gavriiloglou*).)

*B. Analysis.*

"PAGA 'empowers employees to sue on behalf of themselves and other aggrieved employees to recover civil penalties previously recoverable only by the Labor Commissioner . . . . [Citations.]' [Citation.] 'Of the civil penalties recovered, 75 percent goes to the [LWDA], leaving the remaining 25 percent for the "aggrieved employees." [Citation.]' [Citation.] [¶] 'Only an "aggrieved employee" has standing to bring a civil action under PAGA. [Citation.]' [Citations.] 'Aggrieved employee' is defined as 'any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.' [Citation.] [¶] 'All PAGA claims are "representative" actions in the sense that they are brought on the state's behalf. The employee acts as "'the proxy or agent of the state's labor law enforcement agencies'" and

"'represents the same legal right and interest as'" those agencies—"'namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency.'"" (*Gavriiloglou*, *supra*, ___ Cal.App.5th ___ [2022 Cal.App. Lexis 805, at pp. *5-*6].)

In *Iskanian*, *supra*, 59 Cal 4th 348, 380, 383-390, the California Supreme Court held that a trial court may not enforce an employee's predispute waiver of the right to bring a PAGA claim in any forum, and where such a waiver appears in the employee's arbitration agreement, the FAA does not preempt this state law rule. Recently, *Iskanian* was overturned, in part, when the United States Supreme Court held that "the FAA preempts the rule of *Iskanian* insofar as it precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate." (*Viking River*, *supra*, 596 U.S. ___, ___ [142 S.Ct. at p. 1924].) Thus, the United States Supreme Court ruled that employees who entered into arbitration agreements that are subject to the FAA may be compelled to arbitrate individual PAGA claims, and the severed off representative claims must be dismissed because the employees lack standing since they are no longer aggrieved employees. (*Viking River*, at p. 1916.)

Nonetheless, Justice Sotomayor recognized the right of California courts to decide whether a plaintiff "lacks 'statutory standing' under PAGA to litigate . . . 'non-individual claims separately in state court." (*Viking River*, *supra*, 596 U.S. ___, ___ [142 S.Ct. at p. 1925].) Recently, this court held that an arbitrator's findings against an employee on individual employment law claims had no issue-preclusive effect (Code Civ. Proc., § 1908, subd. (a)(2)) on standing to assert a representative claim under PAGA because the

7

employee was acting in different capacities and asserting different rights. (*Gavriiloglou*, *supra*, ___ Cal.App.5th ___ [2022 Cal.App. Lexis 805, at p. *2].) In *Gavriiloglou*, the plaintiff was forced to arbitrate her individual claims and when the arbitrator found that the alleged Labor Code violations did not occur, the trial court found "as a matter of issue preclusion, that she was not an 'aggrieved employee' (Lab. Code, § 2699, subd. (a)) and therefore she lacked standing to bring a PAGA claim." (*Gavriiloglou*, at pp. *3-*4.) On appeal, the plaintiff claimed that issue preclusion did not apply because she was acting in different capacities in the arbitration and the litigation of the PAGA claim. (*Gavriiloglou*, at p. *6.) We agreed. (*Id*. at pp. *8-*9.)

We analyzed the doctrine of res judicata—claim preclusion and issue preclusion—and noted: """Where a party though appearing in two suits in different capacities is in fact litigating the same right, the judgment in one estops him in the other."" " (*Gavriiloglou*, *supra*, ___ Cal.App.5th ___ [2022 Cal.App. Lexis 805, at pp. *3-*4].) Under the facts before us, we concluded the employee plaintiff was not litigating the same right because in a PAGA lawsuit, "'the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency. [Citation.]' [Citation.] '[Individual] employees do not own a personal claim for PAGA civil penalties [citation], and whatever personal claims [individual] employees might have for relief are not at stake [citation].' [Citation.] Thus, in the arbitration, [the plaintiff employee] was litigating her own individual right to damages for Labor Code violations, whereas in the present PAGA action, she is litigating the state's right to statutory penalties

8

for Labor Code violations. It follows that the arbitrator's findings cannot have preclusive effect." (*Gavriiloglou*, *supra*, ___ Cal.App.5th ___ [2022 Cal.App. Lexis 805, at pp. *8-*9]; see *Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 482, 487-492 [claim preclusion did not prevent employee plaintiff from bringing a PAGA action after prevailing on her Labor Code/unfair competition claims again her former employer in a prior separate action].)

Moreover, in *Gavriiloglou*, we discussed *Viking River*'s distinction between an "individual PAGA claim" and a "representative PAGA claim," and acknowledged its holding that the FAA "preempts a state-law rule that precludes the arbitration of an individual PAGA claim separately from a representative PAGA claim." (*Gavriiloglou*, *supra*, ___ Cal.App.5th ___ [2022 Cal.App. Lexis 805, at p. *12].) However, we concluded that *Viking River*'s recognition of an individual claim under PAGA "is mere wordplay. What the Supreme Court called, as shorthand, an 'individual PAGA claim' is not actually a PAGA claim at all. It would exist even if PAGA had never been enacted. It is what we are calling, more accurately, an individual Labor Code claim." (*Gavriiloglou*, *supra*, ___ Cal.App.5th ___ [2022 Cal.App. Lexis 805, at p. *12].)

Accordingly, we conclude plaintiffs' individual Labor Code claims are subject to arbitration while the representative PAGA claim is not. Moreover, severance of the PAGA claim does not require that it be dismissed.

## III. DISPOSITION

The trial court's order denying Dollar General's motion to arbitrate is reversed as to plaintiffs' individual Labor Code claims only. It is affirmed as to plaintiffs' representative PAGA claim, which are not subject to dismissal. In the interest of justice, each party shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

FIELDS
J.